UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN KNIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOME DEPOT, )<br>)<br>Defendant. ) | Civil Action No. 1:25-cv-02914 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of the District of Columbia, sues Home Depot, *see* Compl. at 1–2, but fails to provide an address for Defendant, among other missing required contact information, in contravention of D.C. Local Civil Rule 5.1(c)(1). In addition, Plaintiff, who was perhaps employed by a Home Depot located somewhere in the District, *see id*. at 4, broadly alleges that he suffered verbal and physical threats constituting "workplace harassment" that has caused him emotional distress for "two years of this and three years and some day of working Sept. 5, 2021." *See id*. at 4. He also appears to allege that he was injured at work, but Defendant did not pay his medical claim. *See id*. The relief sought, if any, is unstated.

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that

defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Notably, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant Complaint falls within this category. Plaintiff does not cite to any legal authority and ultimately fails to provide Defendants or the Court with adequate notice of a claim. *See Iqbal,* 556 U.S. at 678, 682. Little to no context or supporting details are provided. For these reasons, this case is dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 4, 5, 6, 7, 8, and 9, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: December 15, 2025

/s/_____
ANA C. REYES
United States District Judge